UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
SHAW TIN JANG,

                Petitioner,

                                            MEMORANDUM AND ORDER
   -against-                          03 CV 4020 (ILG)

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------x
GLASSER, United States District Judge:

       In a Memorandum and Order dated January 27, 2004, the petitioner's petition pursuant to 28 U.S.C. § 2255 was dismissed, and on June 23, 2005, his motion pursuant to Rule 60(b) Federal Rules of Civil Procedure was dismissed in a Memorandum and Order. Familiarity with both is assumed.

       On July 19, 2005, petitioner, *pro se*, filed what he characterized as his "Objections to Recharacterization, Failure of the Court to Act upon his Motion to Appoint Counsel, and Motion to Reconsider in Connection with his 28 U.S.C. § 2255 and Rule 60(b) Motions." With the exception of his claim that the Court failed to act upon his request for the appointment of counsel, this submission merely restates for what is now the third time, claims previously asserted, addressed and dismissed in the Memorandum and Orders alluded to above.

       As regards his claim that the Court failed to address his request for the appointment of counsel, he is correct and I do so now.

       I have assumed a familiarity with dismissals of his § 2255 petition and Rule 60(b) motion which were based upon a determination that neither of those requests for relief had merit. In not addressing his request for the appointment of counsel I was remiss in

not making explicit reference to Cooper v. A. Sargenti Co., Inc., 877 F. 2d 120 (2d Cir. 1989), and Hodge v. Police Officers, 802 F. 2d 58 (2d Cir. 1986), the teachings of which would have driven the Court to deny his request. Those cases and countless others which have followed them cautioned district courts to take seriously the admonition that the appointment of counsel for indigent litigants is not warranted where the chances of success are extremely slim. In Sargenti, the Court elaborated upon that admonition by discussing the many reasons why applications for the appointment of counsel should not be granted indiscriminately. In that regard, the Court observed that because the volunteer lawyer resource "is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer for a deserving client. We cannot afford the waste." 877 F. 2d at 172.

This Court takes that admonition seriously and for the reasons given in my prior decisions, the appointment of counsel for this petitioner was not warranted and is denied.

To the extent that he seeks reconsideration of te Rule 60(b) determination, he has proffered no significant facts or controlling decisions which this Court has overlooked and that motion is also denied.

SO ORDERED.

Dated:     Brooklyn, New York
             July 21, 2005

S/ _____

I. Leo Glasser

Copies of the foregoing memorandum and order sent to:

Shaw Tin Jang
51139-053
Box 6000
Glenville, WV 26351-6000

Mary K. Barr, Esq.
Special Assistant U.S. Attorney